**EXHIBIT
A**

SUPREME COURT, CIVIL BRANCH, QUEENS' COUNTY
88-11 Sutphin Boulevard, Jamaica, N.Y. 1000?

---------------------------------X

John L. Peterec-Tolino

    Plaintiff

  -against-

Edward Harap, Arthur Loweth, Ciro Lupo, Steven Londen,/Lundon/Londan)
Commercial Electrical Contractor Inc.,

    Defendants

Index No. 16642/07

Date Index No Purchased 7-2-07

**SUMMONS**

---------------------------------X

To the Persons Named as Defendants Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff herein and to serve a copy of your

answer on the plaintiff at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the state of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the

relief demanded in the complaint.

Dated: 7-2-07

John L. Peterec-Tolin

*John L. Peterec-Tolin*

14 Straight Path
Rock Hill, N.Y.
12775
(917) 628-7300
(845) 270-5949

Defendant's Address: Edward Harap - 228-14 Stronghurst Ave. Bellrose Manor, N.Y. 11427.
Arthur Loweth - 6 Deer Trail Court, Ringwood, New Jersey 07456

Ciro Lupo, Steven Londen / Steven Lundon / Steven Londan, Commercial Electrical Contractors, Inc. - ALL - 10-28 47th Ave. Long Island City, N.Y. 11101 (718) 784-3500

10-28 47th Ave,
Long Island City,
N.Y. 11101
(718) 784-3500

<u>Venue</u>:   Plaintiff designates Queens County as the place of trial. The basis of this designation is

✓ Defendants Residence in Queens County

✓ other - Union I'm affiliated with is in Queens County.

SUPREME COURT, CIVIL BRANCH
QUEENS COUNTY
88-11 Sutphin Boulevard, Jamaica, N.Y. 1000_

---------------------------------------X

John L. Peterec-Tolino

    Plaintiff

  -against-

Edward Harap, Arthur Loweth, Ciro Lupo, Steven Londen / A.K.A. Lundon / A.K.A. London, Commercial Electrical Contractors Inc.

    Defendants

Index No. 16642/07

Date Index No. Purchased 7-2-07

**COMPLAINT**

---------------------------------------X

TO THE SUPREME COURT OF THE STATE OF N.Y.

    The complaint of the plaintiff, John L. Peterec-Tolino, respectfully shows and alleges as follows:

    1) The plaintiff herein, John L. Peterec-Tolino is a resident of the state of

New York. Mr. Peterec-Tolino resides at 14 Straight Path, Rock Hill, N.Y. 12775.

2) The defendant herein, Edward Harap is a member of Local Union #3 of the International Brotherhood of Electrical Workers. Edward Harap was employed by Commercial Electrical Contractors, Inc. From dates 7-3-06 until 7-7-06, Harap was employed as the the title of foreman at a project at the Dalton School of Music between Lexington and Park Avenues on 89th Street in Manhattan N.Y.C. when he was the Plaintiff's immediate supervisor. At no other

times did the Plaintiff work with or for Edward Harap other than the time periods between 7-3-06 (Monday) until midday 7-7-06 (Friday). 7-4-(Holiday)

Plaintiff John L. Peterec-Tolino is also a member of Local Union #3 of the I.B.E.W., and has been for nine years now. His first three years in the EE Division (Elevator) and his last as a progressing Apprentice in the "A" Construction Division. The plaintiff NEVER recieved a "Termination for cause" or better known as a "Bad Layoff"

From ANY contractors affiliated with Local Union #3, until 7-7-06.

On 7-7-06, defendant Edward Harap terminated Plaintiff for cause and or a bad layoff. Edward Harap signed a termination sheet to be sent to the Apprentice Dept. of Local Union #3 against the Plaintiff. Harap signed to his statement claiming "Plaintiff was un-productive," "had to be told what to do repeatedly," and told the super Arthur Loweth that Plaintiff "was not someone to mess with."

(Threator). Edward Harp willfully and deliberately wrote there statements and signed off on them to portray the Plaintiff as a problem employee and a member not fit to be in Local Union #3. He deliberately in his general statement of termination set-out to portray the Plaintiff in an extremely unfavorable light to the Apprentice Dept. of the Plaintiff's Union, thus putting his career in serious jeopardy.

Harap's statements left no explanation as to how the Plaintiff was "unproductive" etc., so as to attempt to have the Union view the Plaintiff in as poor a light as possible, again putting the Plaintiff's career in serious jeoperdy. Harap deliberately decieved and attempted to manipulate the Union to falsely reprisal and retaliate to the detriment of the Plaintiff.

In a workmans Compensation hearing at the Union on 2-27-07,

Harap testified under oath "that he never heard what was said between the Plaintiff and the super, Arthur Loweth on 7-7-06." Yet on 7-7-06, Harap put in the statement of termination, that the Plaintiff told Arthur Loweth that Plaintiff is "not a man to mess with." — Thus proving that Harap lied on his termination sheet of the Plaintiff to cause Plaintiff harm. The vague statement Harap

signed to of "unproductive", was to portray the Plaintiff as poor at his duties as a fifth year apprentice in so far as electrical work ability / capacity. Again to cause harm to Plaintiff. Again, on 2-27-07 during a Workmen's Compensation Trial, while under oath, Harap Explained "unproductive" on his claim of the Plaintiff as:

A) Going for coffee at times unfavorable to the foreman → Plaintiff asserts

(13)

that it is the foreman's responsibility to tell the apprentice to go for coffee. Plaintiff never left at an exact time in either of the 3½ days he worked at the Patton school under Harap (July 4th Tuesday - Holiday) - as Harap asked for coffee to be done at different times. B) Harap also explained that "unproductive" of Plaintiff's termination sheet on 7-7-06 at Comp trial on

(14)

2-27-07 due to Plaintiff "having to make more than one trip to bring materials from the 3rd floor material area down to the second level sub-basement work area." → Plaintiff asserts that the Dalton school of music was occupied and that Plaintiff was asthmatic and born with a crooked spine. Taking materials in more than one trip was necessary

for the safety of the school's pupils and the health / disabilities of the Plaintiff, where the reasonable accommodation of more than one trip was necessary. At the Comp trial, Arthur Loweth, the super of the project AND Edward Harap's supervisor testified under oath that he "had no problem with the various time frame differences of daily coffee breaks." Also another witness at trial for the