(16)

workman's Comp Hearing was the Plaintiff's Partner and mechanic, Trevor Binfield. Binfield worked steadily with Plaintiff throughout the 3½ day period at the Dalton school of Music and for weeks before that at 1120 Ave. of the Americas. Trevor Binfield testified under oath that Plaintiff did Not make repeated trips for materials as Harp previously testified to.

Also, Trevor Byfield testified that Plaintiff was an excellent Apprentice and scoffed at Harp's suggestion. Harp also tried to cause harm to Plaintiff by testifying under oath "that Plaintiff can't work alone." Plaintiff was given a job ticket from Local Union #3 to work for Commercial Electrical Contractors as a 5th year Helper and Plaintiff

worked solely in that capacity throughout his employment of never missing a work day for Commercial Electrical Contractor. As such, Plaintiff never worked alone as, via union protocal he is NOT supposed to. Harap's last assertion to Local Union #3, was perjury in the 2nd degree, a class D felony. Again Harap deliberately set out to portray Plaintiff in an untrue light to cause harm to the Plaintiff.

(19)

By reason of the facts and circumstances stated above, the defendant has conducted actions of 1) slander/libel, 2) Defammation of Plaintiff's character, 3) Intentional Infliction of Emotional Distress, 4) Emotional Pain and suffering, 5) Loss of Services, 6) Conspiracy

All damages done to Plaintiff.

3) The defendant herein, ARTHUR COWETH was employed by Commercial Electrical Contractors Inc. in the capacity of super or superintendant. He is a member of Local Union #3 of the I.B.E.W. as such, he is

(25)

fully aware of rules and protocol encompassing all facets of union contracting work, particularly safety. At the Dalton school of Music, Loweth was the Superintendent of the Project, — Edward Harap's immediate supervisor. On date, Nov. 16, 2006 Arthur Loweth signed a termination for cause or "bad layoff" to the Apprentice Dept. of Local Union #3 against Plaintiff. Loweth's termination sheet is an exact replica as Harap's, dated

7-7-06. stating "Non-productive, Had to be told what to do over and over, told the super he (plaintiff) is not a man to mess with." Loweth testified under oath at the Compensation hearing that he never witnessed the Plaintiff's work performance during Plaintiff's tenure under foreman Eddie Harap. Yet Loweth took hearsay statements from Harap and signed to them without

(22)

any evidence of such whatsoever. Loweth also testified that the Plaintiff threatened him on 7-7-06 and that is the reason Plaintiff was terminated. Yet, Loweth signed off on "un-productive" and "had to be told what to do over and over." Loweth has no corroboration whatsoever that Plaintiff threatened him. He filed no police report.

(23)

Plaintiff denies in full ever threatening the super Arthur Loweth in any way whatsoever. In fact, plaintiff asserts that Loweth, upon coming on to the job site about 9:30 A.M., that the super privately on the 3rd Floor threatened the Plaintiff "to not be in this industry."

Questions of safety and injuries on that day sustained by

(24)

the plaintiff where the plaintiff left the jobsite in an ambulance, went to Lenox Hill Hospital Emergency Room and was eventually unable to work for 9 months, upset both Haray and Loweth and they both retaliated as a result to conspire against plaintiff. Haray testified under oath that plaintiff DID inform him of an injury to plaintiff. Yet

Harap "did not give Plaintiff an accident/incident report because Arthur Loweth ordered Harap not to." This a direct violation of both state and Federal Law as well as Union Protocal.

By reason of the facts and circumstances stated above defendant Arthur Loweth has done to Plaintiff: 1) Defammation of character, 2) Slander/Libel, 3) Intentional Infliction of Emotional Distress, 4) Emotional Pain + suffering

26

5) Loss of Services, 6) Conspiracy.

4) The defendants herein, both Ciro Lupo and Steven Londen, / Steven London / Steven Lunden Are owners of Commercial Electrical Contractors Inc., that employed Plaintiff. They are also owners of Laurelton Electric at 230-04 South Conduit Ave, Queens, not affiliated with Local Union #3 of I.B.E.W, like Commercial Electrical Contractors. on 7-7-06, while Plaintiff was at Lenox Hill Hospital, Ciro Lupo personally drove

to the headquarters of Local Union #3 of I.B.E.W. and spoke to the Business Agents of Local Union #3, particularly John Deturro of the Grievance Department. Despite the age of Computer E-mails, fax machines, the U.S. mail and countless courier companies, Ciro Lupo took it upon himself to hand deliver a multipage "Bad report statement" about Plaintiff with all the

(29)

baseless assertions via Edward Harap and Arthur Loweth. Lupo insisted on Plaintiff's inability to work alone, which is absolutely impossible as Plaintiff was hired as a 5th year Apprentice who never works alone via policy and protocol, unless put on an M.I.J. job, which never happened in the duration of Plaintiff's employment with Commercial Electrical Contractors Inc.

(29)

Lupo also told Local 3 business agents that Plaintiff's wife "threatened legal action" when she called his company. Plaintiff's wife denies this entirely, yet admits to speaking to Steve Londen / Lunden / London who told her "he wanted Plaintiff out of the Electrical Industry." Ciro Lupo deliberately and willfully portrayed

(30)

Plaintiff in a most unfavorable light to cause plaintiff's career in jeopardy through false allegations as retaliation for plaintiff's injuries and questions of safety to the foreman, Edward Harap. Ciro Lupo never witnessed any work performance of Plaintiff.

By the reason of the facts and circumstances stated above, defendant Ciro Lupo has damaged Plaintiff through 1) Slander/Libel, 2) Defammation of Character, 3) Intentional Infliction of emotional distress, 4) Emotional

(31)

Pain and suffering, 5) Loss of services, 6) Conspiracy. Also has Steven Londen/Lundon/London. ※

5) The defendant herein, COMMERCIAL ELECTRICAL CONTRACTORS INC. Being the corporation Plaintiff was employed by on 7-7-06, and prior to that, As a corporation, they acted in concert to conspire with defendants: Ed Harap (Individually) Arthur Loweth (Individually) Ciro Lupo & Steve Londen/Lundon/London (Individually) —

(32)

Deliberately and intentionally and through DIRECT MALICE to cause harm to Plaintiff through false statements, intimidation, coercion, manipulation, threats, endangering, etc. etc.

By reason of the facts and circumstances stated above, defendant Commercial Electrical Contractors, Inc. damaged Plaintiff through: 1) Slander/Libel, 2) Defamation of Plaintiff's Character, 3) Intentional Infliction of Emotional Distress, 4) Emotional

pain and suffering, 5) Loss of services, 6) Conspiracy.

WHEREFORE, plaintiff seeks judgment against all defendants for both punitive and compensatory damages in the sum of $860,000, plus interest from July 7th 2006, costs and disbursements, together with any other relief the Court finds to be just and proper.

Dated: July, 2nd, 2007

John L. Peterec-Tolino - Pro Se
John L. Peterec-Tolino Pro
Plaintiff
14 Straight Path Rock Hill NY
12775 - (917) 628-7300.