**EXHIBIT B**

Case 7:08-cv-00891-SCR-MDF   Document 18   Filed 08/09/2008   Page 1 of 4

Short Form Order



NEW YORK SUPREME COURT - QUEENS COUNTY

Present: HONORABLE  VALERIE BRATHWAITE NELSON   IA Part  7
                              Justice

---------------------------------------x
JOHN L. PETEREC-TOLINO,                    Index
                                           Number   16642    2007
                Plaintiff,
                                           Motion
                                           Date   February 5,  2008
       - against -
                                           Motion
EDWARD HARAP, et al.,                      Cal. Number   25

                Defendants.                Motion Seq. No.  1
---------------------------------------x

The following papers numbered 1 to  7  read on this motion by defendants to dismiss the complaint pursuant to CPLR 3211(a)(7).

                                                        Papers
                                                       Numbered

      Notice of Motion - Affidavits - Exhibits.........  1-4
      Answering Affidavits - Exhibits .................  5-7

      Upon the foregoing papers it is ordered that the motion is granted.

      Plaintiff in this action seeks damages for, inter alia, defamation relating to his alleged unlawful termination of employment by defendants. It is alleged that plaintiff worked on a project commencing on July 3, 2007; was injured on or about July 7, 2007; and was unable to return for nine months which, according to plaintiff, was the reason that defendants "retaliated to conspire against plaintiff." Defendants moves to dismiss the complaint on the ground that plaintiff was lawfully terminated and the complaint fails to state a cause of action against any of the defendants. Plaintiff opposes the motion.

      The complaint alleges, in substance, that plaintiff was wrongfully terminated and defamed based upon the following chain of events: Defendant Edward Harap is a member of Local Union #3 of

the International Brotherhood of Electrical Workers, and was employed by Commercial Electrical Contractors, Inc., as a foreman. Ciro Lupo and Steven Londen/Steven London/Steven Lunden (London) are owners of Commercial Electrical Contractors, Inc., and, "as a corporation, acted in concert with the other defendants to deliberately and intentionally and through direct malice to cause harm to plaintiff." According to the complaint, Lupo hand-delivered a multi-paged bad report about plaintiff with "baseless assertions" to an official of the Grievance Department of Local #3; and Lupo told Local #3 business agents that plaintiff's wife threatened legal action when she called his company and London allegedly told plaintiff's wife that he wanted plaintiff "out of the electrical industry."

Harap was plaintiff's immediate supervisor at a project at the Dalton School of Music in New York City (Dalton). Arthur Loweth was superintendent on the Dalton project where plaintiff worked and, as such, Harap's immediate supervisor. Harap signed a termination sheet, regarding plaintiff, which states that plaintiff was "unproductive ... had to be told what to do ... and was not someone to mess with." The complaint further alleges that Harap, in his general statement about plaintiff, "deliberately set out to portray plaintiff in an extremely unfavorable light ...thus putting [plaintiff's] career in jeopardy." By the termination letter remarks, plaintiff alleges, Harap "deliberately deceived and attempted to manipulate the union to falsely reprisal [sic] and retaliate to the detriment of plaintiff." The complaint further alleges that Harap "lied on his termination sheet of plaintiff" based upon Harap's statement that he never heard what was said between plaintiff and Arthur Loweth.

According to the complaint, Loweth signed a "termination for cause" or "bad layoff" against plaintiff that was an "exact replica" of Harp's; and Loweth falsely accused plaintiff of threatening him.

Defendants submit that plaintiff does not deny that he was "unproductive," as stated by defendants in the employment termination report dated July 7, 2007, but merely asserts that he "was asthmatic and born with a crooked spine so he could not move as quickly as the job required." Defendants' evidence reveals that plaintiff attempted to file an accident report based on an alleged on-the-job injury after working only three days and that plaintiff attempted to file this said report after being terminated on July 7, 2007. Defendants' evidence also reveals that plaintiff's workers' compensation claim was dismissed by the Joint Industry Board of the Electrical Industry, as was

2

plaintiff's disability discrimination claim by the Equal Employment Opportunity Commission. Defendants contend that the gravamen of the instant lawsuit is plaintiff's disagreement with the decision to terminate him for cause.

CPLR 3013 mandates that statements in a pleading be "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." In order to comply with CPLR 3013, a pleading must "identify the transaction and indicate the theory of recovery with sufficient precision to enable the court to control the case and the opponent to prepare" ( Foley v D'Agostino, 21 AD2d 60, 63 [1964]). The complaint herein does not meet this criteria.

Plaintiff's broad and conclusory allegations fail to comply with the specificity requirements for pleading a cause of action sounding in defamation. The elements of a cause of action for defamation are a "false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" ( Dillon v City of New York, 261 AD2d 34, 38 [1999]). Thus, a cause of action for defamation must set forth the particular words complained of, as well as the time, manner and person(s) to whom the publication was made (Geddes v Princess Props., Int., 88 AD2d 835 [1982]). Plaintiff must specify publication to a third party ( Fedrizzi v Washingtonville Central School Dist., 204 AD2d 267 [1994]), and must specify to whom the statements were published ( Ott v Automatic Connector, Inc., 193 AD2d 657 [1993] (citations omitted). Failure to state the particular person or persons to whom the allegedly defamatory comments were made, warrants dismissal of the defamation cause of action ( Gill v Pathmark Stores, Inc., 237 AD2d 563 [1997] (citations omitted).

In the complaint, plaintiff alleges that statements contained in the Employment Termination Report, namely that he was "nonproductive, had a bad attitude and needed to be told what to do over and over," and had been warned previously to "improve his productivity," were defamatory. Plaintiff also alleges that certain statements made by Arthur Loweth, while testifying at a Workers' Compensation hearing on February 27, 2007, namely that plaintiff threatened Loweth that he (plaintiff) "was not a man to mess with," were also defamatory. Finally, plaintiff alleges that a letter forwarded by plaintiff's union contained defamatory remarks regarding plaintiff's productivity. Based upon the

3