record, the alleged defamatory statements appear to be nonactionable expressions of opinion (see Miller v Richman, 184 AD2d 191 [1992]; Hollander v Cayton, 145 AD2d 605 [1988]), not reasonably susceptible of a defamatory meaning (see Aronson v Wiersma, 65 NY2d 592 [1985]), or protected by a qualified privilege (see Loughry v Lincoln First Bank, N.A., 67 NY2d 369 [1986]; Present v Avon Products, 253 AD2d 183 [1999]), which, in this case, is not defeated by any evidence of malice (see Liberman v Gelstein, 80 NY2d 429 [1992]; Toker v Pollak, 44 NY2d 211 [1978]).

A qualified privilege exists "when a person makes a good-faith, bona-fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest" (Grier v Johnson, 232 AD2d 846 [1996]; see also Paskiewicz v NAACP, 216 AD2d 550 [1995]). A plaintiff will only defeat the qualified privilege by demonstrating that a defendant spoke with malice (see Foster v Churchill, 87 NY2d 744 [1996]; Liberman v Gelstein, 80 NY2d 429 [1992]). In the case at bar, inasmuch as the statements which are the subject of this lawsuit were related to an employment evaluation, they are protected by the qualified "common interest" privilege (see Kasachkoff v City of New York, 107 AD2d 130, affd 68 NY2d 654 [1986]).

There are four elements to the claim of intentional infliction of emotional distress; namely (1) extreme and outrageous conduct, (2) intent to cause, or disregard of a substantial probability of causing severe emotional distress, (3) a causal connection between that conduct and injury and (4) severe emotional distress (Howell v New York Post Co., 81 NY2d 115 [1993]). "Liability has been found only where the conduct is so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community" (Murphy v American Home Products Corp., 58 NY2d 293, 303 [1983], quoting Restatement of Torts Second § 46, comment d); see also Andrews v Bruk, 220 AD2d 376 [1995]). Plaintiff's allegations do not establish these elements. Further, a claim for the intentional infliction of emotional distress may not be maintained to the extent that the damages sought are duplicative of those sought in the defamation claim (see generally Brancaleone v Mesagna, 290 AD2d 467 [2002]). Based thereon, the claims in this case sounding in intentional infliction of emotional distress are dismissed.

QUEENS COUNTY CLERK'S OFFICE 2008 ... 9:37

"New York does not recognize civil conspiracy to commit a tort as an independent cause of action" (Pappas v Passias, 271 AD2d 420, 421 [2000]). Such a claim stands or falls with the underlying tort (see Sokol v Addison, 293 AD2d 600, 601 [2002]). Thus, as all of the other underlying causes of action are dismissed, the cause of action to recover damages based on civil conspiracy is also dismissed (see Ward v City of New York, 15 AD3d 392 [2005]).

Finally, the elements of a cause of action sounding in prima facie tort include: (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification (4) by an act or series of acts which would otherwise be lawful (Freihofer v Hearst Corp., 65 NY2d 135 [1985]; Curiano v Suozzi, 63 NY2d 113 [1984]; Levy v Coates, 286 AD2d 424 [2001]). To succeed on such a cause of action, plaintiff must establish that he suffered specific and measurable loss, which requires an allegation of special damages (see generally Del Vecchio v Nelson, 300 AD2d 277 [2002]). Also, plaintiff must demonstrate that the sole motivation for the tortious action taken was disinterested malevolence (see generally Avgush v Town of Yorktown, 303 AD2d 340 [2003]). The "genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage to another (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983], quoting Beardsley v Kilmer, 236 NY 80, 90 [1923]). "Where there are other motives, e.g., profit, self-interest, business advantage, there is no recovery under tort prima facie" (Squire Records v Vanguard Rec. Socy., 25 AD2d 190, affd 19 NY2d 797 [1966]; see also Bainton v Baran, 287 AD2d 317 [2001]; Hessel v Goldman Sachs & Co., 281 AD2d 247 [2001]; American Preferred Prescription v Health Mgt., 252 AD2d 414 [1998]). In the case at bar, plaintiff's "prima facie tort claim cannot be allowed in circumvention of the unavailability of a tort claim for wrongful discharge or the contract rule against liability for discharge of an at-will employee" (O'Donnell v Westchester Community Serv. Council, 96 AD2d 885 [1983], quoting Murphy v American Home Prods. Corp., 58 NY2d at 304).

Upon a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), the court must determine whether from the four corners of the pleading "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (Morad v Morad, 27 AD3d 626, 627 [2006]; see EBCI, Inc. v Goldman Sachs & Co., 5 NY3d 11 [2005]; Goshen v Mutual Life Ins. Co. of New York, 98 NY2d 314 [2002]; Holmes v Gary Goldberg & Co., Inc., 40 AD3d 1033 [2007]; 83-17 Broadway

QUEENS COUNTY CLERK'S OFFICE FILED

Corp. v Debcon Financial Services, Inc., 39 AD3d 585 [2007]; McKenzie v Meridian Capital Group, LLC, 35 AD3d 676 [2005]). The pleading is to be afforded a liberal construction, the facts alleged in the complaint accepted as true, and the plaintiff accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83 [1994]). Furthermore, "a *pro se* complaint should be construed liberally in favor of the pleader," (Rosen v Raum, 164 AD2d 809, 811 [1990]). However, "[w]hile the allegations in the complaint are to be accepted as true when considering a motion to dismiss[,] 'allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration'" (Garber v Board of Trustees of State Univ. of N.Y., 38 AD3d 833, 834, quoting Maas v Cornell Univ., 94 NY2d 87, 91 [1999]; Caniglia v Chicago Tribune-New York News Syndicate, 204 AD2d 233 [1994]). Here, even affording the pro se plaintiff's pleadings "the benefit of every favorable inference" (Malphrus v Carrk, 227 AD2d 809, 809 [1996]), the allegations do not support viable claims for defamation, intentional infliction of emotional distress, conspiracy or prima facie tort.

Accordingly, the motion to dismiss the complaint is granted.

Dated: 4/16/08

VALERIE BRATHWAITE NELSON, J.S.C.

QUEENS COUNTY
CLERKS OFFICE
FILED
2008 APR 24 A 9: 37