**EXHIBIT
D**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3630
General FAX: (212) 336-3625

John Peterec-Tolino
14 Straight Path
Rocky Hill, NY 12775

        Re:  John Peterec-Tolino v. Commercial Electrical Contractors, Inc.
            EEOC Charge No.: 520-2007-02260

Dear Mr. Peterec-Tolino:

The EEOC has concluded its inquiry into your allegations of discrimination against Commercial Electrical Contractors, Inc. ("Respondent"). Under the Equal Employment Opportunity Commission's ("EEOC") charge prioritization procedures, we focus our resources only on those charges that are most likely to result in findings of violations of the laws we enforce. In accordance with these procedures, the EEOC has evaluated this charge based on the information you provided.

You allege that you were discriminated against by the Respondent because of your age (DOB: 02-17-1960) in violation of the Age Discrimination in Employment Act of 1967, as amended and because of your disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended (Asthma and Scoliosis).

You stated that you have a pre-existing scoliosis condition since your time of birth. You stated that you have regular chiropractor adjustments for your scoliosis condition approximately once a week since your mid-twenties' years. You also stated that you have a pre-existing Asthmatic condition diagnosis as early as April 2005. You indicated that you had informed Respondent's President - Ciro Lupo on May 27, 2006 that you have these two medical conditions. However, you denied having chronic pain and you indicated to Mr. Lupo on the same date that your pre-existing conditions do not prohibit you from performing the essential functions of your construction job. You also stated that you do not require light duty. You assert that you only requested that Respondent not rush you around and allow you to take extra trips to carry fewer items on the work site.

You stated that you were assigned a construction job site on July 3, 2006 with Respondent and claimed you had approached construction foreman Edward Harap about an injury to your back on July 7, 2006 at approximately 9:30 Am. You stated that you just returned from a coffee break and mentioned to Mr. Harap that your "back and neck seems to be out..." You indicated that you were lifting a long ladder and you had slipped, causing you to twist your back and neck. You claimed that superintendent Arthur Loweth (who had just arrived at the job site) began to reprimand you about mentioning your injury.

You stated that an ambulance arrived at approximately 10:50 Am to take you to the hospital. You assert that you were informed later that same day that you were terminated from that work site.

Respondent denies that it discriminated against you on the basis of Age and Disability. Respondent stated that you never informed Messrs. Loweth or Harap of any health problems such as asthma or a back impairment. According to Respondent, you were terminated because of your attitude towards your work and in threatening superintendent Loweth. Respondent stated that Mr. Loweth informed foreman Harap at approximately 9:30 Am on July 7, 2006 that he had wanted to move you to another work site because you did not follow instructions. Respondent stated that you had been previously warned on July 5th that you knew what your assignments were and that you should be able to retrieve enough material to do the work for a least half of the day. Respondent stated that when you were instructed to retrieve 50 nuts, you would only return with 3 nuts for the job.

Respondent stated that Mr. Loweth informed you on July 7th that you should not have to be repeatedly told how to do your job and that you either improve or you will be terminated. Respondent stated that approximately fifteen or twenty minutes later, you approached Mr. Loweth in a threatening manner and appeared to be very angry. Respondent claimed that you stated to Mr. Loweth that you were "…not a man to be messed with…" and you should not be threatened with a lay-off. Respondent stated that Mr. Loweth then immediately terminated you. Respondent claimed that you did not report your injury until more than forty-five minutes after you were lay-off and after you were told that the security and police will be called to escort you off the work site.

Based upon an analysis of the information submitted to us, the Commission is unable to conclude that the information establishes a violation of federal law on the part of Respondent. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter are your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

_[signature]_, on behalf of
Spencer H. Lewis, Jr.
District Director

Date: _November 28, 2007_

Cc: File