As the Second Circuit stated in Interoceanica Corp., 107 F.3d at 90, claim preclusion is appropriate if "[1] the second suit involves the same 'claim' or 'nucleus of operative fact' as the first suit ... [2] the same transaction or connected series of transactions is at issue [and 3] ... the same evidence is needed to support both claims. To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Thus, the Court must "look to whether the underlying facts" of the two cases "are related in time, space, origin, or motivation, whether they [would have] form[ed] a convenient trial unit, and whether their treatment as a unit [would have] conform[ed] to the parties' expectations ...." Id.

Similarly, under certain circumstances, the doctrine of collateral estoppel or issue preclusion bars a party from relitigating the same issue in a subsequent proceeding: "(1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits." Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986); see also Metromedia Co. v. Fugazy, 983 F.2d 350, 365 (2d Cir. 1992).

In this case, both claim and issue preclusion bar plaintiff *pro se* from relitigating in this federal forum what was previously decided in state court. Where, as here, a wrongful discharge claim is dismissed in state court, a subsequent federal action based on employment discrimination will be dismissed on the basis of *res judicata*. Ciezkowska v.

Gray Line New York, 295 F.3d 204 (2d Cir. 2002). As long as the state court proceeding allowed a full and fair opportunity for each litigant to be heard, as happened in this case, then both issue and claim preclusion should bar plaintiff *pro se* from relitigating his claims in federal court. Mitchell v. NBC, 553 F.2d 265 (2d Cir. 1977).

### POINT III

### PLAINTIFF PRO SE HAS FAILED TO STATE A PRIMA FACIE CASE UNDER EITHER THE ADA OR THE ADEA.

Granted, the Supreme Court has overturned Second Circuit precedent requiring plaintiffs to plead facts constituting a *prima facie* case of discrimination in order to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507, 122 S.Ct. 992, 994 (2002). To survive a Rule 12(b)(6) motion to dismiss, the Supreme Court held that a complaint need not plead facts sufficient to make out a *prima facie* case and need only provide a short and plain statement of the claims and the grounds on which they rest. Id.; see also Fed. R. Civ. Pro. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102 (1957). Thus, a complaint is sufficient if it gives "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. Nevertheless, it bears mentioning that plaintiff *pro se* has utterly failed to establish a *prima facie* case of employment discrimination.

Generally, to establish a *prima facie* case of employment discrimination, plaintiff *pro se* must show that: (a) he was within the protected class; (b) his job performance was satisfactory; (c) he was subjected to an adverse employment decision or discharge; and (d) the adverse action occurred under circumstances giving rise to an inference of discrimination. See, e.g., Demoret v. Zegarelli, 451 F .3d 140, 151 (2d Cir.2006).

13

Moreover to state a claim for retaliation in violation of the antidiscrimination statutes, plaintiff *pro se* must show that: (1) he participated in a protected activity; (2) his employer was aware of the protected activity; (3) his employer took adverse employment action against him; and (4) a causal connection exists between the protected activity and the adverse employment action. See, e.g., Gallagher v. Delaney, 139 F.3d 338, 349 (2d Cir. 1998).

To establish a *prima facie* case of age discrimination, plaintiff *pro se* must show that (1) he was within the protected age group of the ADEA, (2) he was qualified for the position, (3) he was discharged, and (4) the discharge occurred under circumstances giving rise to an inference of age discrimination. Woroski v. Nashua Corp., 31 F.3d 105, 108 (2d Cir. 1994). Similarly, to establish a *prima facie* case of disability discrimination, plaintiff *pro se* must show that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered [an] adverse employment action because of his disability. Giordano v. City of New York, 274 F.3d 740, 747 (2d Cir. 2001). A person is considered "disabled" under the ADA if he is "regarded as" suffering from a physical or mental impairment that "substantially limits one or more of the major life activities," even if he does not actually suffer from such an impairment. 42 U.S.C. §12102(2).

Plaintiff *pro se* has failed to assert almost every essential element of his putative claims in his federal complaint, stating only that he is over forty years of age, suffers from "asthma" and "spinal curvature" for which he "requested reasonable accommodation," and that "despite being to do ... [his] job," he was "harassed,

14

threatened and terminated," as well as being subjected to "retaliatory reprisal" for an injury that occurred on the job. See Filippatos Dec. Exhibit F at 3.

### POINT IV

### ALTERNATIVELY, THIS COURT SHOULD DECLINE TO ASSERT SUPPLEMENTAL JURISDICTION OVER ANY AND ALL STATE LAW CLAIMS ASSERTED BY PLAINTIFF PRO SE.

To the extent that the instant complaint contains direct or indirect references to state law claims based on personal injury, negligence, libel, discrimination or retaliation, the Court should decline to exercise supplemental jurisdiction over any of these state law claims should it dismiss the federal law claims in their entirety. See 28 U.S.C. § 1367(c); Marcus v. AT & T Co., 138 F.3d 46, 57 (2d Cir. 1998) ("[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well").[3]

### CONCLUSION

In sum, for all of the foregoing reasons, the undersigned respectfully requests that this Court (a) dismiss in its entirety the federal complaint of plaintiff *pro se* for failing to state

---

[3] In asserting that state law claims based on the facts and circumstances adjudicated in his workers' compensation hearing, see Filippatos Dec. Exhibit A, plaintiff pro se may be also run afoul of the Second Circuit's pronouncement in Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997), that the New York Workers' Compensation Law barred a common law negligence claim that was asserted on the basis of an alleged hostile work environment because of co-worker harassment. See also Ferris v. Delta Air Lines, Inc., 277 F.3d 128, 138 (2d Cir. 2001) (extending Torres holding to include claims for negligent retention and supervision); Ross v. Mitsui Fudosan, Inc., 2 F. Supp.2d 522, 533 (S.D.N.Y. 1998) (negligence claims arising out of sexual harassment lawsuit barred by exclusive remedy provisions of New York Workers' Compensation Law). Moreover, plaintiff *pro se* cannot transform defendants' statutory obligation to act in accordance with federal, state, and local laws prohibiting discrimination into a contractual obligation as well. See Tardd v. Brookhaven Nat'l Laboratory, 407 F.Supp.2d 404, 420 (S.D.N.Y. 2006). Finally, the conspiracy allegations made by plaintiff *pro se* against all defendants are susceptible to the intra-corporate doctrine, which holds that there cannot be a conspiracy between a corporate entity and its employees acting in their official capacities. See Girard v. 94th Street & Fifth Avenue Corp., 530 F.2d 66, 70 (2d Cir. 1976).

any claim upon which relief can be granted and (b) grant defendants such other and further relief as this Court deems fair, proper, and equitable.

Dated: New York, New York
August 8, 2008

Parisis G. Filippatos (PF1593)
Filippatos PLLC
303 Park Avenue South, Suite 1422
New York, New York 10010
(212) 682-2400
*Attorneys for Defendants*

To:    To:    John L. Peterec-Tolino
14 Straight Path
Rock Hill, NY 12775
*Plaintiff Pro Se*

16